GLAZER, J.,
Before the court is the petition for preliminary injunction of plaintiff, Boyds, LP. For the reasons set forth below, plaintiff’s petition is denied.
FACTS AND PROCEDURAL BACKGROUND
Plaintiff, Boyds, LP (hereinafter “Boyds”), is a high end retailer of men’s and women’s clothing that has been operating for more than seventy-five (75) years in Philadelphia. See Complaint, ¶ 10. Further, plaintiff has numerous different departments, including men’s and *131 women’s footwear. Id. at ¶ 11. On or around September 27, 2009, Boyds entered into an employment agreement with defendant, Tung S. To (hereinafter “To”), which provided that:
(a) Employee will not at any time or for any reason, directly or indirectly, for himself/herself or any other person, use any name or use or disclose any trade secret, customer list, supplier, advertiser, vendor, manufacturer, designer, business or other material confidential information of employer.
(b) For a period commencing with the date hereof and ending twelve (12) months after termination of the employment provisions of this agreement, employee shall not directly or indirectly, or himself/herself or any other person induce or attempt to influence any supplier, vendor manufacturer, designer, advertiser and/or any customer or employee of employer, or any affiliate of employer, to terminate its business or any affiliate employer.
Id. at Exhibit B.[1]
Defendant To worked for plaintiff in the men’s footwear department as a floor manager/buyer. Id. at ¶¶15-17. *132 However, on or around September 16, 2013, on To’s last day of employment, “Boyds learned that To planned on opening his own men’s footwear store in the Philadelphia area.” Id. at ¶26. Additionally, plaintiff asserts that To took a confidential clientele book, which was identified as Boyds property, that “contains highly valuable confidential client names, addresses, and contact information.” Id. at ¶29. To allegedly returned the confidential list on October 24, 2013. Id.
On or before October 31,2013, To opened his own store named “ToBox” located at 25 S. 19th Street, Philadelphia, PA 19103. On December 9, 2013, plaintiff filed a petition for preliminary injunction seeking that: (1) To be enjoined for the pendency of this litigation from working for or with ToBox, or any other direct competitor of Boyds; (2) To be enjoined for a period of one (1) year from working for or with ToBox, or any other direct competitor; (3) ToBox be enjoined from competing with Boyds within fifty (50) miles of Boyds for a period of one (1) year; (4) To and ToBox be enjoined for a period of one (1) year from soliciting the business of any existing or potential customer of Boyds or interfering with any business relations of Boyds; (5) To and ToBox be enjoined from using, disclosing or interfering with, directly or indirectly, Boyd’s confidential information; (6) defendants be required to return all original and all copies of any documents or data storage containing, reflecting, compiling or relating to Boyds’s confidential information or trade secrets; (7) To and ToBox be required to provide an accounting of all revenue derived as a result of the disclosure or use of the confidential information, trade secrets, and intellectual property of Boyds and to disclose all contacts and communications with Boyds’s business relations and *133 customers; (8) a constructive trust be imposed to benefit Boyds, on all profits and other tangible benefits derived from business generated by To while he was employed at Boyds and which he diverted to ToBox; (9) a constructive trust be imposed to benefit Boyds, on all profits and other tangible benefits derived from business generated by To in connection with a violation of any term; and (10) the covenants contained within this agreement be extended by the amount of time this court finds To and/or ToBox to be in breach of the employment agreement. See plaintiff’s petition for preliminary injunction.
DISCUSSION
To obtain a preliminary injunction, a petitioner must establish that:
(1) relief is necessary to prevent immediate and irreparable harm that cannot be adequately compensated by money damages;
(2) greater injury will occur from refusing to grant the injunction than from granting it;
(3) the injunction will restore the parties to their status quo as it existed before the alleged wrongful conduct;
(4) the petitioner is likely to prevail on the merits;
(5) the injunction is reasonably suited to abate the offending activity; and
(6) the public interest will not be harmed if the injunction is granted.
Brayman Constr. Corp. v. DOT, 13 A.3d 925, 935 (Pa. 2011).
*134 Plaintiff alleges that if defendants are not enjoined, plaintiff will suffer irreparable harm to customer, affiliate and supplier relationships that it paid defendant To to establish. However, this court is not persuaded by plaintiff’s arguments. Plaintiff does not provide any support as to how an injunction will abate the offending activity of the alleged misappropriation of trade secrets. Defendant To, as plaintiff readily admits, has since returned the subject confidential book that plaintiff’s claim for injunction now relies upon. Plaintiff does not identify any other confidential information that has been misappropriated. Thus, an injunction will not abate the offending activity because plaintiff is already in possession of the subject confidential book. Additionally, besides speculation and conclusory allegations, plaintiff does not identify any harm that has occurred from the alleged misappropriation. Moreover, plaintiff is a large and distinguished retail business that has operated for more than seventy-five (75) years. As defendant To is the sole owner of ToBox, a company that opened less than two months ago, this court finds that greater injury will occur from granting the injunction than from refusing it and thus plaintiff has not satisfied its burden for injunctive relief.
CONCLUSION
Based on the foregoing, plaintiff’s petition for injunctive relief is denied.
ORDER
And now, this 14th day of January, 2014, upon consideration of the petition for preliminary injunctive relief of plaintiff, Boyds, LP, and any response thereto, it is hereby ORDERED that the said petition is DENIED.

. The employment agreement also contained a non-compete clause which plaintiff assets was breached when to subsequently opened his own shoe store. In the complaint and petition for injunctive relief, plaintiff seeks equitable and legal remedies for the alleged breach of the non-compete clause. However, this court previously found that, given the plain language of the employment agreement when compared to the four comers of the complaint, the non-compete clause had not been breached and thus preliminary objections were sustained and the claim for breach of contract was limited to the use or disclosure of Boyds’s confidential information and trade secrets. See control no. 13113251. Therefore, this court will not address the breach of the non-compete clause in the instant preliminary injunction.